UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON. SC

2007 APR 20  A 11: 47

| | |
|---|---|
| John Francis Dykeman,  # 14854, | ) C/A No.  2:07-00526-GRA-RSC |
| aka John Francis Dykeman, Jr., | ) |
| | ) |
| Petitioner, | ) |
| | ) REPORT |
| v. | ) AND |
| | ) RECOMMENDATION |
| Phillip A. Foot, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, John Francis Dykeman, proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2241.[1] This Court entered an order (proper form order) on March 16, 2007, requiring petitioner to bring this case into proper form by paying the five dollar ($5) filing fee or filing certain financial documents evidencing his inability to pay.  Petitioner complied with the proper form order and paid the filing fee on April 6, 2007.

Petitioner is a pretrial detainee at the Beaufort County Detention Center.  Petitioner brings this habeas action requesting "an evidentiary hearing, represented by counsel, appointed by federal court, outside of Beaufort County, South Carolina."  (Pet. at 7.) Alternatively, petitioner requests "a judgment on the pleadings . . . a show cause order issue immediately, that after a reasonable time next to exceed ten (10) days, that this Court grant

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

him a Writ of Habeas Corpus, dismissing Beaufort County Warrant No.
G-857969, with prejudice." (Pet. at 7.)  Petitioner alleges false
arrest, illegal detention, illegal search and seizure, fruits of
the poisonous tree, denial of due process, denial of a speedy
trial, denial of effective assistance of counsel, denial of a fair
trial, denial of the right to waive counsel, and denial of
discovery as the grounds for his petition. (Pet. at 4-5.)  The
petition should be dismissed as petitioner has filed in federal
court prematurely.

Under established local procedure in this judicial district,
a careful review has been made of this *pro se* petition.  The review
was conducted pursuant to the Rules Governing Section 2254
Proceedings for the United States District Court, the Anti-
Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in
light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25
(1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v.
Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,
64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70
( 4th Cir. 1983).  This Court is required to liberally construe *pro
se* documents.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Such *pro se*
documents are held to a less stringent standard than those drafted
by attorneys.  *Haines v. Kerner*, 404 U.S. at 520.

A federal district court is charged with liberally construing
a petition filed by a *pro se* litigant to allow the development of

2

a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, *pretrial* petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. *Dickerson v. Louisiana*, 816 F.2d at 226.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not

3

act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. at 43-44. From *Younger v. Harris* and its progeny, the Court of Appeals for the Fourth Circuit, has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The petition indicates that the criminal charges against petitioner are pending. Clearly an ongoing state criminal proceeding exists. The second criteria has been addressed by the Supreme Court statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criteria in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v.*

4

*Foster*, 75 F.3d 881, 903 (4ᵗʰ Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Specifically, federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisana*, 816 F.2d at 224-26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Id.; see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore v. DeYoung*, 515 F.2d at 449.

Petitioner can pursue his claims of false arrest, illegal detention, illegal search and seizure, fruits of the poisonous tree, denial of due process, denial of a speedy trial, denial of effective assistance of counsel, denial of a fair trial, denial of the right to waive counsel, and denial of discovery in state court

5

both during and after trial. Therefore, petitioner fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied habeas relief. *See Younger v. Harris*, 401 U.S. at 43-44. Petitioner is therefore precluded from federal habeas relief at this time, and his petition should be dismissed.

Petitioner's requests for an evidentiary hearing and a change of venue for his state court case are misplaced in this habeas action and should be denied. Also, petitioner's request for the appointment of counsel should be denied. Congress does not appropriate funds to pay attorneys who represent litigants in civil rights cases or in non-capital habeas corpus cases. 53 Comp. Gen. 638 (1974). The court however has discretionary authority to appoint counsel "in exceptional cases," in a civil action brought by a litigant proceeding *in forma pauperis*. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); 28 U.S.C. § 1915(d). Even though the petitioner in this case is not proceeding *in forma pauperis*, this petition does not present unusual circumstances to justify the appointment of counsel, nor will the petitioner be denied due process if an attorney is not appointed. In non-capital habeas corpus cases brought by a *pro se* litigant, this Court outlines proper procedure so the *pro se* litigant will not be deprived of a fair opportunity to present his case. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the petition *without prejudice* and without requiring the respondent to file an answer.    Likewise, petitioner's requests for an evidentiary hearing, appointment of counsel and change of venue should be denied.    *See* the Anti-Terrorism and Effective Death Penalty Act of 1996; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).    The petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

April 19, 2007
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).